BRADLEY, Judge.
Jerry Mashbum, d/b/a E & P Construction Company, filed an action against Dr. Plott and his wife, Elizabeth Plott, and Dr. Roberts, seeking $14,130.05 for labor and materials applied to a renovation project on a building owned by the Plotts and leased to Roberts. After a nonjury hearing the trial court found for the plaintiff in the amount of $9,128.53 and imposed a materi-alman’s lien against the property. Defendant Roberts appeals.
In brief here defendant Roberts argues that the trial court erred in finding for the plaintiff because the evidence is insufficient to support such judgment.
Roberts contends that he and the Plotts engaged plaintiff to repair water damage to a building owned by the Plotts and used by him as a dental clinic. In addition to the repairs, plaintiff was also asked to renovate the offices to make them more attractive and useful.
Roberts testified that it was understood that the total of the work would not exceed $10,000. Plaintiff testified that there was no such agreement. Plaintiff said that he *77 proposed to do the work for cost plus twenty percent.
Plaintiff testified that the total bill was $18,810.67. There was deducted from this amount a check for $4,400 that Roberts received from the insurance company in payment of the water damage.
When the trial court receives testimony from witnesses, its findings are presumed correct and its judgment will not be overturned except where it is unsupported by the evidence or is plainly and palpably wrong. Jones v. Moore, 295 Ala. 81, 322 So.2d 682 (1975).
There was a conflict in the evidence relating to the alleged limit of $10,000 placed on the work to be done by the plaintiff. This conflict in the evidence was resolved in favor of the plaintiff, and there is evidence in the record to support the trial court’s finding. The trial court’s judgment is thus not plainly and palpably wrong. Consequently, it will be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.